UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARLON KENNEDY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-5274** |
| **SHERIFF MARLIN GUSMAN, ET AL.** | **SECTION: "B"(1)** |

## ORDER AND REASONS

Plaintiff, Marlon Kennedy, filed this *pro se* and *in forma pauperis* complaint against Sheriff Marlin Gusman, Trishawn Cole, Amanda Baptiste, and Bonita Pittman regarding the conditions of his confinement within the Orleans Parish Prison system. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[1]

Defendants filed a motion for partial judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).[2] Plaintiff filed a memorandum in opposition to that motion,[3] in response to which defendants filed a reply brief.[4]

The United States Fifth Circuit Court of Appeals has held:

---

[1] Rec. Doc. 16.

[2] Rec. Doc. 13.

[3] Rec. Doc. 21.

[4] Rec. Doc. 23.

> The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6). We accept the complaint's well-pleaded facts as true and view them in the light most favorable to plaintiff. The motion to dismiss should not be granted unless the plaintiff would not be entitled to relief under any set of facts that he could prove consistent with the complaint.

Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004). "Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of material fact and only questions of law remain."  Brittan Communications Intern. Corp. v. Southwestern Bell Telephone Co., 313 F.3d 899, 904 (5th Cir. 2002).

In his complaint, plaintiff asserts a variety of claims regarding the conditions of his confinement. However, defendants seek judgment on the pleadings only with respect to plaintiff's claims concerning the conditions of his confinement in the immediate aftermath of Hurricane Katrina.

In his complaint, plaintiff alleges that, on August 30, 2005, he was left in his cell in unsanitary conditions without lights, food, or water. During the subsequent evacuation on August 30, he was in over four feet of water for approximately five hours waiting for transportation, and he was sprayed with Mace and beaten by an unnamed deputy. Plaintiff had to wait on the Broad Street Bridge overnight in unsanitary conditions prior to being evacuated by bus to the Elayn Hunt Correctional Center on September 1, 2005.

In their motion, defendants argue that those claims must be dismissed because the complaint fails to allege that they were personally involved in the incidents giving rise to the claims. Defendants alternatively argue that those claims should also be dismissed because it cannot be shown that they acted with deliberate indifference.

2

As defendants note, this lawsuit is one of many filed by prisoners against Orleans Parish Prison system officials regarding the conditions after Hurricane Katrina. According to what is available on Westlaw, twelve such cases have now been decided on the merits.[5] In each of those cases, the claims against the jail officials were dismissed by the Court either *sua sponte* or on motions pursuant Fed.R.Civ.P. 12(c): Wright v. Gusman, No. 06-5768, 2007 WL 519159 (E.D. La. Feb. 15, 2007); Deselles v. Gusman, Civ. Action No. 06-4136, 2007 WL 121833 (E.D. La. Jan. 11, 2007); Hill v. Gusman, Civ. Action No. 06-527, 2006 WL 3760454 (E.D. La. Dec. 18, 2006); Holmes v. Gusman, Civ. Action No. 06-3245, 2006 WL 3469555 (E.D. La. Nov. 28, 2006); Dean v. Gusman, Civ. Action No. 06-3243, 2006 WL 3469558 (E.D. La. Nov. 28, 2006); Lopez v. Gusman, Civ. Action No. 06-3048, 2006 WL 3469559 (E.D. La. Nov. 28, 2006); Bright v. Gusman, Civ. Action No. 06-2782, 2006 WL 3469560 (E.D. La. Nov. 28, 2006); Tate v. Gusman, 459 F.Supp.2d 519 (E.D. La. 2006); Galo v. Blanco, Civ. Action No. 06-4290, 2006 WL 2860851 (E.D. La. Oct. 4, 2006); Charles v. Gusman, Civ. Action No. 06-53, 2006 WL 2604613 (E.D. La. Sept. 6, 2006); Hayes v. Gusman, Civ. Action No. 06-504, 2006 WL 1985464 (E.D. La. June 22, 2006); Gauff v. Gusman, Civ. Action No. 06-842, 2006 WL 2460753 (E.D. La. June 12, 2006) (Roby, M.J.), adopted, 2006 WL 2468771 (E.D. La. Aug. 21, 2006) (Engelhardt, J.).

As noted, defendants argue that the claims against them must be dismissed because the complaint fails to allege that they personally subjected plaintiff to the conditions about which he now complains. In his opposition, plaintiff concedes that defendants Pittman, Cole, and Baptiste

---

[5] A number of other cases were dismissed on grounds unrelated to the merits, such as the failure of the plaintiffs to prosecute their claims.

bear no liability with respect to those claims;[6] accordingly, the claims against those defendants will be dismissed.

Plaintiff argues that Gusman, however, should be held liable because he was the inmates' custodian. However, the fact that Gusman is the custodian and supervisory official in charge of the prison system is not a basis to hold him liable for federal civil rights violations under any theory of strict liability[7] or various liability.[8] Rather, as noted in the motion, Gusman can be held liable only if he was personally involved in the conditions, acts, or omissions giving rise to plaintiff's claims.

In the majority of the reported cases noted above, the claims against Gusman were in fact dismissed on the basis that he was not personally involved in the post-Katrina conditions, acts, or omissions. See Wright, 2007 WL 519159, at *2; Deselles, 2007 WL 121833, at *4; Hill, 2006 WL 3760454, at *3; Holmes, 2006 WL 3469555, at *2-3; Dean, 2006 WL 3469558, at *3; Lopez, 2006 WL 3469559, at *3; Bright, 2006 WL 3469560, at *3-4; Tate, 459 F. Supp.2d at 523; Charles, 2006 WL 2604613, at *4-5; Hayes, 2006 WL 1985464, at *2-3; Gauff, 2006 WL 2460753, at *3. This Court likewise finds that plaintiff's claims in the instant case must be dismissed on that same basis.

"Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional

---

[6] Rec. Doc. 21, p. 1.

[7] Harris v. Greer, 750 F.2d 617, 618 (7th Cir. 1984) ([T]here is no concept of supervisor strict liability under section 1983."); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996).

[8] An official cannot be held liable pursuant to 42 U.S.C. § 1983 under any theory of vicarious liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability.").

4

assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted).[9] "Personal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). In this case, plaintiff does not allege that Gusman *personally* subjected him to the conditions about which he now complains.

As also noted, it is alternatively argued in the motion that, even if plaintiff could show that Gusman was in fact personally involved, the claims against him still should be dismissed because it cannot be shown that he acted with deliberate indifference. In the majority of the reported cases, the judges also reached that conclusion. See Wright, 2007 WL 519159, at *2-3; Deselles, 2007 WL 121833, at *5; Hill, 2006 WL 3760454, at *3-4; Holmes, 2006 WL 3469555, at *3-4; Lopez, 2006 WL 3469559, at *4; Tate, 459 F. Supp.2d at 523-24; Charles, 2006 WL 2604613, at *5; Hayes, 2006 WL 1985464, at *3; Gauff, 2006 WL 2460753, at *3. For the following reasons, the undersigned likewise reaches that conclusion in this case.

---

[9] Plaintiff does not specify in his complaint whether he is suing Gusman in his individual or official capacity. Gusman has assumed that he is being sued in his individual capacity, and this Court is operating under that same assumption. However, if plaintiff meant to assert an official-capacity claim, that claim would clearly fail for the following reasons.

"Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, an official-capacity claim against Gusman would in reality be a claim against the local governmental body itself. However, in order to hold a local governmental body accountable for a constitutional violation, a plaintiff must allege that (1) an employee of the local governmental body violated plaintiff's clearly established constitutional rights with subjective deliberate indifference, and (2) the violation resulted from a policy or custom adopted or maintained by the local governmental body with objective deliberate indifference. See Olabisiomotosho v. City of Houston, 185 F.3d 521, 528-29 (5th Cir. 1999). Plaintiff does not allege that the purported constitutional violations in this case resulted from an official policy or custom.

Plaintiff essentially claims that Gusman failed to take adequate precautions to protect plaintiff from the hurricane and its aftermath. However, "[t]o prevail on a section 1983 failure to protect claim, the prisoner must demonstrate that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." Jones v. Greninger, 188 F.3d 322, 326 (5th Cir. 1999) (internal quotation marks omitted).[10]  Regarding the deliberate indifference requirement, the United States Fifth Circuit Court of Appeals has held:

> An official is deliberately indifferent when he knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Johnson v. Johnson, 385 F.3d 503, 524 (5th Cir. 2004) (quotation marks omitted). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

Plaintiff cannot show that Gusman acted with deliberate indifference. Even plaintiff himself does not allege that the conditions about which he complains were imposed on the inmates as a form of punishment or resulted from any malevolent intent on Gusman's part; rather, the conditions were simply the unfortunate result of an act of nature which wrought devastation throughout this region.

---

[10] Plaintiff was apparently a pretrial detainee at the time his claims arose. However, "the State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including ... protection from harm, during their confinement." Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996) (en banc). Therefore, deliberate indifference must be shown regardless of plaintiff's status. Id. at 643.

During the time at issue, virtually all of this area's citizens, incarcerated and free persons alike, were forced to endure hardships and unpleasant conditions. Moreover, plaintiff's exposure to those conditions lasted only a matter of days. Even plaintiff acknowledges that he was evacuated from the city on September 1, which, considering the conditions in the city at that time, was relatively soon after the hurricane and certainly long before many residents, such as many of those who sought shelter at the Superdome and the Convention Center, were evacuated.

The fact that an argument could perhaps be made that Gusman should have taken more effective precautions to prepare for the hurricane and its aftermath does not mean that he intentionally violated the inmates' rights by failing to do so. Rather, at best, plaintiff could show only that Gusman was negligent in that regard. However, it is clear that "deliberate indifference cannot be inferred merely from *a negligent or even a grossly negligent* response to a substantial risk of serious harm." Thompson v. Upshur County, Texas, 245 F.3d 447, 459 (5th Cir. 2001) (emphasis added). Negligence claims simply are not actionable under 42 U.S.C. § 1983. Eason v. Thaler, 73 F.3d 1322, 1329 n.3 (5th Cir. 1996) ("[N]egligence is not a theory for which liability may be imposed under section 1983."); see also Baker v. McCollan, 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."); Nesmith v. Taylor, 715 F.2d 194, 195 (5th Cir. 1983) ("It is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.").

Accordingly,

7

**IT IS ORDERED** that the motion for partial judgment on the pleadings is **GRANTED** and plaintiff's claims against all named defendants regarding the conditions of his confinement in the immediate aftermath of Hurricane Katrina are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this thirteenth day of March, 2007.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**